J-A12039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM TRIMBLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER RODRIGUEZ AND | : | No. 1320 EDA 2017 |
| BONNIE RODRIGUEZ | : | |

Appeal from the Order Entered April 20, 2017
In the Court of Common Pleas of Pike County Civil Division at No(s):
856-2013-Civil

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:  **FILED**

**OCTOBER 16, 2018**

While I agree with the learned Majority's determination that the matter should be reversed and remanded, I disagree that an evidentiary hearing is required upon remand.

Here, Appellant claims that neither he nor his counsel received notice of the proposed termination of the case.  The record reflects that, after notice of the proposed termination was purportedly "served" on all counsel, the parties continued to litigate the case for several months in a manner wholly inconsistent with receipt of such notice by any of the parties or their counsel. As the Majority points out,

> A notice of proposed termination of court case dated September 30, 2016, is located within the record; however the document does not have a corresponding entry in the docket.  Moreover, the

notice does not facially reflect that it was mailed to appellant's counsel, and no certificate of service is included.

Majority Memorandum at 9. The Majority also observes that "unlike with other orders of court throughout the case, there is no entry on the docket reflecting that a copy of the notice [of proposed termination] had been mailed to the parties." *Id*.

Based on the state of the record, the Majority concludes that, "it is **impossible** to determine whether this notice [of proposed termination] was mailed, personally handed to Mr. Mincer, or [improperly] placed in an inter-office mailbox as Mr. Mincer avers." Majority Memorandum at 10 (emphasis added); *see also Kane v. Vigunas*, 967 A.2d 987, 994 (Pa.Super. 2009) (holding that service via an inter-office mailbox was not sufficient notice pursuant to Pa.R.Civ.P. 230.2). Due to the conceded impossibility of determining whether notice was properly provided to Appellant, I believe that an evidentiary hearing would be a waste of judicial time and resources. Hence, I would simply reverse and remand for the trial court to properly issue a notice of proposed termination of court case to the parties.